UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHONDELL GREGORY CROCKER,

Plaintiff,

-against-

JUDGE ANNETTE SCOCA,

Defendant.

26-CV-8275 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff, appearing *pro se*, brings this action invoking the Court's diversity jurisdiction. He asserts claims under 42 U.S.C. § 1983, for violations of his rights under the Fourteenth Amendment, which implicate the Court's federal question jurisdiction. By Order dated September 25, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF 4.)

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3). Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and

citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff lists his address in New Jersey, and he attaches to his IFP application a letter dated August 31, 2026, regarding his receipt of public benefits in Essex County, New Jersey. Plaintiff brings this action against Judge Annette Scoca, of the Superior Court of New Jersey, Essex County. He invokes the Court's diversity jurisdiction, alleging that Judge Scoca is a citizen of New Jersey and that he is a citizen of New York. He also claims that Judge Scoca violated his rights pursuant to 42 U.S.C. § 1983.

Plaintiff alleges that in March 2026, he filed an action against Extra Space Storage in New Jersey state court. Judge Scoca dismissed Plaintiff's action before trial, without a hearing and allegedly without considering the merits. Plaintiff alleges that the dismissal "showed improper favoritism to defendant Extra Space Storage," and was "motivated by discrimination due to Plaintiff being a black American male between the ages of 18 and 45 and not a member of the LBGTQ community." (ECF 1 at 10.)

Plaintiff sues Judge Scoca in her official and personal capacities, seeking damages.[2]

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

[2] Plaintiff has also filed a separate action in this court against Extra Space Storage. *See Crocker v. Extra Space Storage*, No. 26-CV-8285 (S.D.N.Y. filed September 18, 2026).

## DISCUSSION

### A. Judicial Immunity

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam). "[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Id.* at 209 (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation and would thus lose . . .independence[.]" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (internal quotation marks omitted).

Judicial immunity does not apply when the judge takes action "outside" of her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). Nevertheless, "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Here, Plaintiff sues Judge Scoca for her judicial acts, alleging that her decision in the case before her was biased and was made without considering the merits of Plaintiff's arguments. Plaintiff fails to allege any facts to suggest that Judge Scoca acted beyond the scope of her judicial responsibilities or outside of her jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Judge Scoca for "acts arising out of, or related to, individual cases before [her]," she is immune from suit for money damages. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge Scoca because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as

frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute].").[3]

**B. Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 2d Cir. 2002). . Because Plaintiff cannot cure the defects in his complaint with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated: September 28, 2026
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge

[3] Plaintiff's remedy, if he disagreed with Judge Scoca's decision, was to take an appeal within the New Jersey state system.